IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LO VOC, et al., § | |
|     Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-1342-M |
| § | |
| JP MORGAN CHASE BANK, NA, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated May 9, 2012, this case has been referred for pretrial management. Before the Court for recommendation is *Defendants' Motion to Dismiss or Alternatively Motion for More Definite Statement*, filed May 15, 2012 (doc. 5). Based on the relevant filings and applicable law, the motion should be **GRANTED in part** and **DENIED in part as moot**.

**I. BACKGROUND**

This case involves foreclosure of real property located at 2433 Tan Oak Dr., Dallas, Texas 75212 (the Property). (doc. 1-6 at 4.) On April 18, 2012, Lo Voc and Ha Minh Ly (Plaintiffs) filed suit against JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC (JPMC),[1] and Federal National Mortgage Association (Fannie Mae) (collectively, Defendants) in the 95th Judicial District Court of Dallas County, Texas. (*See id.* at 1.) On May 1, 2012, Defendants removed the action to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1.)

Plaintiffs allege that they obtained the Property with a promissory note, secured by a deed

---

[1] Plaintiffs incorrectly sued JPMC as "JP Mortgage Chase Bank, N.A.". (*See* doc. 1-6 at 2.)

1

of trust, in favor of United Capital Mortgage on or about July 6, 2007 . (doc. 1-6 at 3.) After they "fell behind" on their mortgage in 2010, JPMC purportedly contacted them and offered them a loan modification. (*Id.* at 4.) They submitted several loan modification packages and were told by JPMC representatives that "there were no pending sale dates" and that any foreclosure proceeding would be stayed while their applications were under review. (*Id.*)

In March 2012, Fannie Mae purportedly instituted a forcible detainer action in a Justice of the Peace Court and obtained a favorable judgment and a writ of possession. (*Id.* at 7.) On March 14, 2012, Fannie Mae allegedly sent Plaintiffs a notice to vacate. (*Id.* at 4.) When they contacted JPMC to inquire about the eviction notice, they were informed that the Property had been sold at a foreclosure sale on March 6, 2012. (*Id.*) According to Plaintiffs, this was the first notice they received of the acceleration of their note and the foreclosure sale. (*Id.*)

Plaintiffs allege that Defendants "used fraudulent and deceptive means" to foreclose on the Property and assert claims for wrongful foreclosure, violation of the Texas Deceptive Trade Practices Act (DTPA),violation of the Texas Debt Collection Practices Act (TDCPA), and wrongful eviction. (*Id.* at 4–8.) They request monetary damages and attorney's fees, and seek to enjoin their eviction and any further sale or transfer of the Property. (*Id.* at 6, 8–9.)

On May 15, 2012, Defendants moved to dismiss, and in the alternative, for a more definite statement. (*See* doc. 5.) Plaintiffs have not filed a response. The motion is now ripe for recommendation.

## II. RULE 12(b)(6) MOTION

Defendants move to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) on grounds that they fail to state a claim upon which relief can be granted . (*See* doc. 5.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across

3

the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950–51.

**A.     Wrongful Foreclosure**

Defendants first argue that Plaintiffs fail to state a wrongful foreclosure claim because they have not plead a "grossly inadequate selling price" resulting from a procedural defect in the foreclosure sale. (doc. 5 at 3–4.)

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, and unfairness in foreclosure proceedings. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (citing 30 Tex. Jur. 3d Deeds of Trusts and Mortgages § 177 (1998)). In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug.1, 2011). The plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1752-M, 2012 WL 1106932, at *15 (N.D. Tex. Mar. 29, 2012) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). A procedural defect may occur when the mortgagee either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews*, 2011 WL 3347920, at *2. However, recovery is not available merely by showing a defect in the foreclosure process; "it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, C.J.).

4

Here, Plaintiffs allege they did not receive the notices required by chapter 51 of the Texas Property Code before Defendants foreclosed on the Property,[2] and this "indicates that there was a defect and/or irregularity" in the foreclosure proceedings that "caused an inadequacy in the sales price." (*See* doc. 1-6 at 5.)

Even if taken as true, Plaintiffs' allegations that they did not receive the requisite notices could not plausibly entitle them to relief because they fail to allege any facts showing that the Property was sold for a grossly inadequate price. They also fail to allege a causal connection between the Defendants' purported failure to provide them with the requisite notices and any grossly inadequate selling price. Accordingly, their wrongful foreclosure claim should be dismissed for failure to state a claim. *See Byrd v. Chase Home Fin. LLC*, No. 4:11-CV-022-A, 2011 WL 5220421, at *4 (N.D. Tex. Oct. 31, 2011) (dismissing wrongful foreclosure claim where the plaintiffs alleged they did not receive the requisite notices under Tex. Prop. Code § 51.002(b), but they failed to allege any facts establishing the other elements of the claim, including a grossly inadequate selling price resulting from this defect); *see also Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415 (5th Cir. 2011) (per curiam) (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege ... a grossly inadequate selling price and a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price.")

---

[2] "Texas law requires two primary notices in the foreclosure context: a notice of default, and a notice of sale." *Willeford v. Wells Fargo Bank, N.A.*, 3:12-CV-0448-B, 2012 WL 2864499, at *4 (N.D. Tex. July 12, 2012). Section 51.002(d) of the Texas Property Code requires a mortgage servicer to provide to the debtor notice of default and intent to accelerate and to give the debtor an opportunity to cure the default within a minimum of 20 days. *See* Tex. Prop. Code § 51.002(d). If the mortgage servicer invokes the power of sale under the deed of trust, it must provide to the debtor notice of the time and place of the foreclosure sale at least 21 days prior to the date of the sale by posting notice in the county where the property is located, filing the notice with the office of the county clerk, and "serving written notice of the sale by certified mail on each debtor." *See id.* § 51.002(b). Courts have held that constructive notice, as opposed to actual notice, satisfies these notice requirements. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (per curiam); *Willeford*, 2012 WL 2864499, at *5.

## B. Texas Deceptive Trade Practices Act

Defendants move to dismiss Plaintiffs' claim under the DTPA, arguing that they are not "consumers" as defined by the Act because they did not seek to purchase or lease any goods or services from Defendants. (doc. 5 at 5.)

The elements of a cause of action under the DTPA are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). The DTPA defines a "consumer" in relevant part, as "an individual ... who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45(4) (West 2007). To be a consumer, "a person must have sought or acquired goods or services by purchase or lease" and those goods or services "must form the basis of the complaint." *Hurd*, 2012 WL 1106932, at *15 (N.D. Tex. Mar. 29, 2012) (citing *Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981)). Because the lending of money is not a good or service, a borrower whose sole objective is to get a loan is not a consumer under the DTPA. *Walker v. Fed. Deposit Ins. Corp.*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169 (Tex. 1980)). However, a borrower may become a consumer if he seeks to acquire goods or services with the loan, and the goods or services form the basis of his DTPA complaint. *See id.* (citing *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705 (Tex. 1983) and *Knight v. Int'l Harvester Credit Corp.*, 627 S.W.2d 382 (Tex. 1982)).

Plaintiffs contend they are consumers because their "objective" was to purchase the foreclosed Property, which qualifies as a good under the DTPA, and JPMC knew this was their objective because they "submitted modification packages" to it. (doc. 1-6 at 6.)

6

"Although one who borrows money to buy a house can be a consumer under the DTPA because that person's objective is to buy a home, subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the 'goods or services' element of the DTPA." *Swim v. Bank of Am.*, No. 3:11-CV-1240-M, 2012 WL 170758, at * 6 (N.D. Tex. Jan. 20, 2012) (citation omitted). According to their own allegations, Plaintiffs are not consumers because their objective was not to buy a home with a new mortgage, but simply to modify their existing mortgage. Their DTPA claim should therefore be dismissed with prejudice. *See Hurd*, 2012 WL 1106932, at *15.

**C.     Texas Debt Collection Practices Act**

Defendants next contend that Plaintiffs fail to state a claim under the TDCPA because they do not identify any "actions" on the part of Defendants "which violate[d] a law." (doc. 5 at 5–6.)

"The TDCPA prohibits debt collectors from using various forms of threatening, coercive, harassing or abusive conduct to collect debts from consumers." *Merryman v. JPMorgan Chase & Co.*, No. 3:12-CV-2156-M BH, 2012 WL 5409735, at *4 (N.D. Tex. Oct. 12, 2012), *report and recommendation adopted*, 2012 WL 5409749 (N.D. Tex. Nov. 5, 2012). Subsection 392.301(a)(8) of the TDCPA provides that: "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ ... threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8) (West 2006).

The Act defines "debt collector," in relevant part, as "a person who directly or indirectly engages in debt collection." *Id.* § 392.001(6). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* § 392.001(5). Courts in this district have held that debt collection can include

7

"actions taken in foreclosing real property." *Sanghera v. Wells Fargo Bank*, *N.A.*, No. 3:10-CV-2414-B, 2012 WL 555155, at *7 (N.D. Tex. Feb. 21, 2012) (citation omitted); *see also Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (holding that "attempted or actual foreclosure can violate [the] DCPA").

### 1. *Failure to Provide the Requisite Notices*

Plaintiffs allege that Defendants violated § 392.301(a)(8) by foreclosing on the Property without first providing them with the requisite notices under chapter 51 of the Texas Property Code. (*See* doc. 1-6 at 6.) They contend that by "conducting a substitute trustee's sale of the Property" without first sending them the requisite notices, Defendants threatened to take and did take an action prohibited by law. (*See* doc. 1-6 at 6.) Even if taken as true, however, Plaintiffs' allegations could not plausibly entitle them to relief because they do not identify specific statements or conduct on the part of Defendants that qualify as a "threat" to take an action prohibited by law. They therefore fail to state a claim under § 392.301(a)(8) on this basis. *See Willeford*, 2012 WL 2864499, at *6 (holding that the plaintiff failed to state a claim under § 392.301(a)(8) because her allegations that the defendants failed to send her the requisite notices under the Texas Property Code did not qualify as allegations that they threatened to take an action prohibited by law).

### 2. *Misrepresentation*

Plaintiffs next argue that JPMC violated § 392.301(a)(8) by "fail[ing] to follow through" on its "promise" to stay any foreclosure proceedings while their application for a loan modification was under review. (doc. 1-6 at 7.) Nevertheless, as with their notice allegations, they fail to specify which statement or conduct on the part of JPMC constituted a "threat" to take illegal action. Without more facts showing how JPMC's purported misrepresentation constituted a threat to take

legally prohibited action, Plaintiffs fail to meet the pleading standards under *Twombly*.

Because Plaintiffs have failed to allege sufficient facts to support their claim under § 392.301(a)(8) of the TDCPA, this claim should be dismissed for failure to state a claim.

**D.    Wrongful Eviction**

Defendants move to dismiss Plaintiffs' wrongful eviction claim arguing that "there was no valid lease between the parties," and that Plaintiffs have not suffered any damages because "there has been no dispossession or eviction." (doc. 5 at 6.)

"Texas cases recognizing a claim for wrongful eviction generally involve an eviction of a tenant by a landlord." *Ezennia v. Wells Fargo Bank, N.A.*, No. CIV.A. H-10-5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr. 27, 2012). To prevail in this cause of action, a plaintiff must prove: (1) the existence of an unexpired lease contract; (2) occupancy of the property in question by the plaintiff; (3) eviction or dispossession by the landlord; and (4) damages attributable to the eviction. *Id.* (citing *McKenzie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd, n.r.e.)

Plaintiffs couch their wrongful eviction claim on their wrongful foreclosure claim by arguing that Fannie Mae's forcible detainer action "was based on a wrongful foreclosure." (doc. 1-6 at 7.) They allege that Fannie Mae was not the actual owner of the Property and therefore could not evict them from it because the substitute trustee's deed on which it relied "was obtained in violation of several state laws and the deed of trust." (*Id.*)

As previously discussed, Plaintiffs have failed to state a valid claim for wrongful foreclosure. Aside from their occupancy of the Property, they have failed to allege any facts supporting the elements of their wrongful eviction claim. Their claim should therefore be dismissed for failure to

9

state a claim. *See Byrd*, 2011 WL 5220421, at *6 (dismissing a wrongful eviction claim that was couched in a wrongful foreclosure claim because the plaintiff had failed to state a claim for wrongful foreclosure, and because his bare allegations that the defendants' forcible detainer was "unlawful" failed to support the elements of a wrongful eviction claim).

**E.     Injunctive Relief**

Defendants also move to dismiss Plaintiffs' request for injunctive relief arguing that the claim cannot survive without a viable cause of action.  (doc. 5 at 6.)

To obtain injunctive relief, a plaintiff "is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, No. 4:11-CV-507-A, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)).  Because dismissal of Plaintiffs' claims is warranted on the merits, they cannot establish any likelihood of success on the merits.  *See id.*  Accordingly, their request for injunctive relief should be dismissed.

### III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  However, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has

10

specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, despite being represented by counsel, Plaintiffs failed to respond to the motion to dismiss after being specifically invited to do so by the Court (*see* doc. 6), and they have had ample opportunity to move for leave to amend their complaint since the motion was filed on May 15, 2012. It also appears that Plaintiffs have alleged their best case. Their claims should be dismissed with prejudice.

## IV.  RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED,** and their motion for a more definite statement should be **DENIED as moot**.

**SO RECOMMENDED** on this 5th day of December, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                          IRMA CARRILLO RAMIREZ
                                                                         UNITED STATES MAGISTRATE JUDGE